# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ELIZABETH BIELICKI,

    Plaintiff,

v.                                                             Case No. 3:19-cv-1434-J-32JBT

WEKIVA SPRINGS CENTER, LLC,

    Defendant.

## **O R D E R**

    This case is before the Court on pending motions. Upon review of the file, the Court will grant defendant's motion to dismiss Count I with prejudice for lack of subject matter jurisdiction, as plaintiff agrees none of the alleged ADA violations remain and there is no expectation they will recur, so her ADA claim is moot. See Docs. 1, 17 (and exhibits thereto), 18. See, e.g., Kennedy v. Omegagas & Oil, LLC, 748 F. App'x 886, 894 (11th Cir. 2018) (affirming dismissal of claims of ADA violations as moot). The Court declines to exercise supplemental jurisdiction over Count II, an alleged violation of the Florida Consumer Collection Practices Act, as to which defendant states without contradiction that no discovery has taken place and which, but for the parties being the same, is unrelated to the ADA count that brought the case to federal court. Count II is dismissed without prejudice to refiling in state court. The Court declines plaintiff's request that it reserve jurisdiction to consider a

forthcoming motion for an award of fees or costs as to Count I. As for the motion for sanctions, while plaintiff's counsel should have conducted himself differently, his conduct does not give rise to being sanctionable. Defendant's motion for Rule 11 sanctions (Doc. 19) is denied (as is plaintiff's own request for sanctions, contained within her response to defendant's motion (Doc. 20)). Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 17) is **granted**. Count I (the ADA claim) is dismissed with prejudice; Count II (the FCCRA claim) is dismissed without prejudice to refiling in state court.

2. Defendant's Motion for Rule 11 Sanctions (Doc. 19) is **denied**.

3. The Court declines to reserve jurisdiction for any purpose and the Clerk shall therefore **close** the file.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of August, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

2